

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 OCT 28   PM 4: 02

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LA'DERRICK EDWARDS, PRO SE, | § | |
| aka LA'DERRICK MARKEITH EDWARDS, | § | |
| aka LA'DERRICK M. EDWARDS, | § | |
| TDCJ-CID No. 1613521, | § | |
| Previous TDCJ-CID No. 1182510, | § | |
| Previous TDCJ-CID No. 1269246, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:15-CV-0306 |
| | § | |
| BARRY MARTIN, Head Warden; | § | |
| DUSTIN OWENS, CO IV; | § | |
| WILBUR KEMPH; Captain; | § | |
| VICKIE BROWN, Substitute Counsel; and | § | |
| WILLIAM STEPHEN, Director, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff LA'DERRICK EDWARDS, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted leave to proceed pursuant to Title 28, United States Code, section 1915.

Plaintiff complains that, during a unit shakedown, defendant C.O. IV OWENS confiscated various items of plaintiff's property as contraband, namely, a fan and a radio each bearing two TDCJ-CID identification numbers, a cup with a broken handle, a multi-outlet, a winter hat, 2 envelopes, 11 magazines, and an extra mirror. Plaintiff eventually received the fan and radio back and acknowledges the multi-outlet and extra mirror were contraband. In addition, plaintiff admits he was issued the winter hat but says he was never instructed to return it.

Plaintiff says he proved some of the magazines were his by showing receipts and informed OWENS the Mailroom could confirm plaintiff's ownership of the other magazines. He admits the cup was broken, but says he had not tried to fix it; and the envelopes had his name on them, even though they didn't have his identification number on them.

Plaintiff says he met with his counsel-substitute, defendant VICKIE BROWN, on December 9, 2014 and asked her to contact a Ms. Taylor, the property supervisor at the Havins Unit, to verify the items that had two identification numbers were replacement property provided to plaintiff and to contact Ms. Wages, the property supervisor at the Clements Unit, because Ms. Taylor mailed plaintiff's property to Ms. Wages on plaintiff's transfer to the Clements Unit. Plaintiff also provided her the information about his magazines and asked her to contact the mailroom. He states she said she would investigate as he asked.

Plaintiff's December 10, 2014 disciplinary hearing was conducted by defendant Captain KEMP. Plaintiff complains that when Ms. Wages was contacted, she stated she had no record of plaintiff receiving anything from the Havins Unit. He says defendant Counsel Substitute BROWN stated she had spoken with Ms. Taylor and Ms. Taylor had said plaintiff was lying and she had never given him anything. Plaintiff says he asked permission to call Ms. Taylor. Plaintiff complains defendant KEMP stopped the recording in violation of TDCJ policy, and told plaintiff to stop fighting the case, it would not be rewritten, and that he would go easy on plaintiff. He then denied plaintiff's request to call another witness. Plaintiff says he then showed KEMP the receipts for his magazines, but KEMP would not allow plaintiff to have the magazines back. Instead, he found plaintiff guilty and gave him a demotion in line class and 45 days' loss of various privileges.

Plaintiff says he had his mother call Ms. Taylor and that Ms. Taylor told his mother she had offered to fax to defendant BROWN the papers for plaintiff's property, but BROWN had told her it was not necessary.

Plaintiff alleges on December 11, 2014, he was called into the Security Threat Group office where Sgt. Venable told plaintiff he had spoken with Ms. Taylor and she had faxed over plaintiff's property papers. Plaintiff says Sgt. Venable gave him back the fan and radio and was about to give him his magazines when defendant OWENS spoke with defendant Warden BARRY MARTIN. Plaintiff's magazines were not returned and his case was not rewritten. Plaintiff claims that, as a result of the disciplinary case, he received a one-year set-off in consideration for parole.

Plaintiff alleges he sent a document entitled "Proof of Claim" to defendants MARTIN, STEPHENS, and OWENS, but received no response and none of them resolved his complaints.

Plaintiff claims his First Amendment rights were violated by the confiscation of his magazines and his Fourteenth Amendment right to procedural Due Process was violated when defendant OWENS failed to conduct a proper investigation on the day of the incident, did not return plaintiff's magazines and did not contact Ms. Taylor.

Plaintiff claims defendant Counsel Substitute BROWN violated his Fourteenth Amendment right to procedural Due Process by lying during the disciplinary hearing and withholding evidence.

Plaintiff claims defendant KEMP violated his right to procedural Due Process when he did not contact Ms. Taylor during the disciplinary hearing.

Plaintiff claims defendant Warden MARTIN violated plaintiff's First Amendment rights when he failed to instruct prison officials to return plaintiff's property to him.

Plaintiff claims defendants Warden MARTIN and STEPHENS, Director of TDCJ, violated his Fourteenth Amendment right to procedural Due Process when they failed to satisfactorily resolve plaintiff's complaints.

Plaintiff requests a preliminary and permanent injunction requiring TDCJ to have the mailroom "tape offenders [sic] property such as books, magazines, letters, pictures for a suggested fee of 20¢ for covers, 10¢ for pages, letters and pictures." Plaintiff requests an award of $500.00 in compensatory damages and $1,500.00 in punitive damages from the defendants, jointly and severally, as well as an award of costs and attorney's fees of $1,500.00.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

### REQUEST FOR ATTORNEY'S FEES

Attorney's fees are not available to a non-attorney, pro se litigant. *See McLean v. Int'l Harvester Co.*, 902 F.2d 372, 373 (5th Cir. 1990). Plaintiff's request for attorney's fees has no basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### DEFENDANT COUNSEL SUBSTITUTE VICKIE BROWN

A counsel substitute representing an inmate in prison disciplinary proceedings does not act under color of state law for purposes of claims brought under Title 42, United States Code, section 1983. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Consequently, plaintiff is unable to show one of the two essential elements necessary to state a civil rights claim. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)(two elements are necessary for recovery in this type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official). Plaintiff's claims against defendant BROWN lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**DEFENDANT C.O. IV OWENS**

Plaintiff does not state the precise reason why his magazines were considered contraband, *i.e.*, whether they were inadequately labeled or were excessive in amount. He also does not argue that his magazines and envelopes were correctly labeled nor does he present any argument to refute that a broken cup is a cup which has been altered from its original condition and is, therefore, contraband[3]. Instead, plaintiff faults defendant OWENS for not investigating his claims that he had legitimately acquired the magazines, envelopes, fan and radio before confiscating them. Plaintiff complains defendant OWENS should have contacted the Havens Unit to investigate plaintiff's story that he had been given the fan and the radio by the Havens Unit property officer and should have contacted the Clements Unit Mailroom to see if they could verify plaintiff's claim concerning the magazines for which he didn't have any receipts. Plaintiff contends the confiscation of his magazines violated his First Amendment rights and OWENS' failure to investigate before confiscating the property violated plaintiff's Fourteenth Amendment procedural due process rights.

The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In deciding the amount of kind of process required, the Court must consider three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards; and

---

[3]See page 21 at K.2.b. of the Offender's Orientation Handbook.

(3) the state's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail. *Allen v. Thomas,* No. H-02-3132, 2005 WL 2076033 at *9 (S.D.Tex. Aug.26, 2005) (citing *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).

Due process is satisfied when the plaintiff is afforded ample notice and sufficient opportunity to object to the confiscation of his property, such as by way of the prison grievance system. *Allen v. Thomas,* No. H-02-3132, 2005 WL 2076033 at *9 (S.D.Tex. Aug.26, 2005). Post-deprivation proceedings such as TDCJ's grievance procedures are adequate to satisfy the Due Process Clause with respect to confiscation of property pursuant to prison regulations. *McQueen v. Vance,* 68 F.3d 471, 1995 WL 581861, *1 (5th Cir. Sept. 20, 1995) (unpublished) (citing *McBride v. Collins,* No. 93-7468, slip op. at 3 (5th Cir. Jan. 19, 1994) (unpublished); *Allen v. Thomas,* No. H-02-3132, 2005 WL 2076033 at *9 (S.D.Tex. Aug.26, 2005).

In the instant case, the official response to plaintiff's Step II Grievance # 2015047363, attached to plaintiff's complaint, shows that plaintiff was given the opportunity to prove ownership of the confiscated property or direct the disposition of any excess property, and that he had seven days after he signed the Prop 08 confiscation form in which to do so. In addition, as shown by that same grievance, plaintiff was able to utilize the grievance procedure if he had complaints about that procedure. Plaintiff was afforded all the due process to which he was entitled. Plaintiff's Due Process claim against defendant OWENS lacks an arguable basis in law and is frivolous. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to plaintiff's First Amendment claim, plaintiff does not allege his magazines were confiscated because of their content, but because of doubts about ownership. A prison regulation requiring inmates to be able to prove ownership bears a rational relationship to a legitimate

governmental interest in being able to identify the owner of the property to prevent theft among inmates and accompanying conflict. Plaintiff was afforded an opportunity to prove ownership during the seven-day period following issuance of the Prop 8 form, and failed to do so. The requirement that an inmate prove ownership of the property in his possession, appears to be sufficient to satisfy the factors set forth in *Turner v. Safley*, 482 U.S. 78, 89-91, 107 S.Ct. 2255, 96 L.Ed.2d 64 (1987). Plaintiff has failed to state a claim on which relief can be granted.

**DEFENDANT KEMP**

Plaintiff challenges defendant KEMP's failure to contact Ms. Taylor at the Havins Unit at plaintiff's request during the disciplinary hearing; however, Counsel Substitute BROWN had already stated she had contacted Ms. Taylor and that Taylor had refuted plaintiff's statement that she had given him the radio and fan at issue. Further, plaintiff cannot demonstrate any harm from this failure, since he received his radio and fan a few days later and he had ample opportunity to show ownership of his magazines or dispose of them.

**DEFENDANTS MARTIN AND STEPHENS**

Lastly, plaintiff claims defendants MARTIN, STEVENS, and OWENS violated his Fourteenth Amendment Due Process rights when they failed to satisfactorily resolve his written complaints mailed to them. Nothing in plaintiff's allegations shows defendant OWENS had the authority to resolve his complaints. As to defendants MARTIN and STEVENS, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304

Page 8 of 10

(5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345,  346 (5th Cir. 1981) (*per curiam*).  Plaintiff has

alleged no fact demonstrating personal involvement by these officials and has alleged no fact

showing any causal connection between their acts or omissions and the alleged constitutional

violation.  Consequently, plaintiff's allegations against these defendants fail to state a claim on

which relief can be granted.

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title

42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate

Judge to the United States District Judge that the Civil Rights Claims filed by LA'DERRICK

EDWARDS pursuant to Title 42, United States Code, section 1983 be DISMISSED WITHOUT

PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED

AND WITH PREJUDICE AS FRIVOLOUS.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of October, 2015.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).