IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| LA'DERRICK EDWARDS, PRO SE, <br> aka LA'DERRICK MARKEITH EDWARDS, <br> aka LA'DERRICK M. EDWARDS, <br> TDCJ-CID No. 1613521, <br> Previous TDCJ-CID No. 1182510, <br> Previous TDCJ-CID No. 1269246, <br><br> Plaintiff, <br><br> v. <br><br> BARRY MARTIN ET AL., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § 2:15-CV-0306 <br> § <br> § <br> § <br> § |

**ORDER OF DISMISSAL**

Plaintiff LA'DERRICK EDWARDS, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against four defendants employed by or otherwise associated with the Texas Department of Criminal Justice, Institutional Division. Plaintiff has been granted permission to proceed *in forma pauperis*.

On October 28, 2015, the Magistrate Judge issued a Report and Recommendation analyzing plaintiff's claims and recommending dismissal with prejudice as frivolous.

On November 30, 2015, plaintiff filed his Objections to the Report and Recommendation and acknowledged that the unsigned Objections submitted November 12, 2015 were his own as well. Both sets of Objections have been considered by the Court.

By his Objections, plaintiff seeks to clarify his factual allegations and argues, in relevant part, that, during a December 5, 2014 unit shakedown, defendant OWENS "failed to do a proper

investigation[1]" before confiscating plaintiff's property. By his November 30, 2015 Objections, plaintiff makes clear that he feels defendant OWENS should have contacted the property officers of both the Clements Unit and the Havins Unit to see if plaintiff's explanation why some of his property had both his name and id number and that of another inmate could be verified and should have contacted the unit mailroom to check mail logs concerning plaintiff's magazines. Of course, such a requirement would effectively terminate defendant OWENS' participation in the unit shakedown until he had exhaustively investigated plaintiff's explanations concerning his property. Defendant OWENS is not required to take such extraordinary measures before confiscating an inmate's property and writing him a disciplinary case. If the inmate can contest the confiscation by means of mailroom or property room records, there are procedures which allow him to do so. Plaintiff says his magazines were confiscated because they had tape on them and that, when he showed defendant OWENS the receipt[2] for some of the magazines, OWENS stated it did not look real[3]. Plaintiff argues OWENS should only have confiscated the magazines for which he did not have a receipt[4]; however, plaintiff has acknowledged there is a "No Tape" rule[5] which he says only defendant STEPHENS can change and affirms that he and other inmates are not allowed to have tape or staples[6]. Plaintiff's own allegations show defendant OWENS did not violate plaintiff's

---

[1]Plaintiff's November 12, 2015 Objections at page 4 of 9.

[2]The receipt plaintiff proffered appears to be a letter acknowledging his purchase of a subscription for certain editions of the magazine.

[3]Plaintiff's November 12, 2015 Objections at page 3 of 9.

[4]Id.

[5]Plaintiff's November 12, 2015 Objections at page 6 of 9.

[6]Plaintiff's November 12, 2015 Objections at page 4 of 9 ("The majority if not all correspondence that we receive either has tape or a staple placed in or on it, in [sic] which we are not allow [sic] to have.").

2

rights in confiscating his magazines. Moreover, as to the confiscated fan and radio, plaintiff has admitted these items each contained the identification numbers of another inmates as well as plaintiff. It is clear defendant OWENS did not violate plaintiff's rights in the confiscation of the magazines, the radio, the fan, or of the other items whose contraband nature plaintiff does not dispute.

Plaintiff also argues that, when some of the confiscated property was returned, defendant OWENS should have rewritten the disciplinary case to reflect only the property which was ultimately retained as contraband. Plaintiff says this failure to comply with prison regulations violated his Fourteenth Amendment rights and that defendant OWENS was negligent in failing to follow prison policies[7]. Plaintiff also says OWENS failed to follow procedure because he knew plaintiff was waiting for a parole determination and acted with malicious intent to cause plaintiff harm[8]. Nevertheless, plaintiff says that, although he suffered a demotion in line earning class, he is not claiming this is the reason why he was denied parole[9]. Plaintiff's allegation of malicious intent by defendant OWENS is speculative and is not supported by any factual allegation. "Inmates have no protectable property or liberty interest in custodial classification." *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)(change in security classification based on allegedly inaccurate information). As to plaintiff's complaint that defendant OWENS was required by prison policy to rewrite the disciplinary case when some of the confiscated property was returned to plaintiff, the mere allegation that prison policies were not followed does not state a claim. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996) (*per curiam*) (TDCJ-CID's failure to follow its own

---

[7]Plaintiff's November 30, 2015 Objections at page 8 of 12.

[8]Plaintiff's November 12, 2015 Objections at page 3 of 9 and his November 30, 2015 Objections ast page 8 of 12.

[9]Plaintiff's November 12, 2015 Objections at page 8 of 9.

administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are met). Plaintiff's claim against defendant OWENS lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff also reiterates his complaints that defendant KEMPH refused to inspect the receipts plaintiff offered at the disciplinary hearing and refused to call a Ms. Taylor as a witness for plaintiff, after plaintiff's Counsel-Substitute stated she had contacted Ms. Taylor and was told she had no record of plaintiff's property.

By his Objections, plaintiff has made clear that the basis for the confiscation of his magazines was the tape on them, tape which he admits he and other inmates are not allowed to have and which violates a rule he says only defendant STEPHENS can change. Therefore, defendant KEMPH's refusal during the Disciplinary Hearing to inspect plaintiff's receipts did not harm plaintiff or violate his right to due process. Further, as to plaintiff's radio and fan, which were later returned to plaintiff but originally were confiscated because they had the numbers of two different inmates on them, defendant KEMPH refused plaintiff's request to call a Ms. Taylor, a property officer at another unit, to testify that she had given the property to plaintiff. This was only after defendant KEMPH was informed, erroneously, by plaintiff's Counsel-Substitute, that Ms. Taylor had told her the records did not verify plaintiff's account. Further, the disputed radio and fan were returned to plaintiff the next day when his account was verified with Ms. Taylor, resolving any alleged Due Process violation. The Constitution guarantees due process, not error-free decision making. *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983). Any harm that occurred when defendant OWENS wrote plaintiff a disciplinary case on the radio and fan and any harm he feels was created by defendant KEMPH's conduct of the disciplinary hearing regarding these items was

4

cured when they were returned. *See, Hyson v. Neubert*, 820 F.Supp. 184, 190-91 (D.New Jersey 1993).

Plaintiff claim that defendant OWENS' failed to conduct a "proper investigation" before confiscating plaintiff's property is merely a claim of negligence and fails to state a claim of constitutional dimension. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs).

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the objections filed by the plaintiff.

The Court is of the opinion that plaintiff's objections should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court, as supplemented herein.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge, as supplemented herein.

IT IS THEREFORE ORDERED that the Civil Rights Complaint by LA'DERRICK EDWARDS is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AND WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ 2nd day of December, 2015.


_____
MARY LOU ROBINSON
United States District Judge